UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAVIER GUERRERO,

                Plaintiff,                              REPORT AND
                                                      RECOMMENDATION
   -against-                                           18 CV 2142 (ENV)(RML)

KEVIN BURCH; MARCO (John Doe),

                Defendants.
-------------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        Plaintiff Javier Guerrero ("plaintiff") commenced this action on March 20, 2018 and amended his complaint on May 30, 2018. (See Complaint, dated Mar. 20, 2018, Dkt. No. 2; Amended Complaint, dated May 30, 2018, Dkt. No. 11.) Defendant Kevin Burch ("defendant") filed an answer denying plaintiff's claims. (See Answer, dated July 17, 2018, Dkt. No. 18.) Defendant Marco (John Doe) was served via a person of suitable age and discretion at his place of business on June 26, 2018 but never filed an answer. (See Summons, dated June 26, 2018, Dkt. No. 17.)

        At the initial telephone conference, plaintiff explained that he did not have access to the records and witnesses he needed to prosecute the case while he was being held at the D. Ray James Correctional Facility. (See Minute Entry, dated Feb. 12, 2019.) At plaintiff's request and with defendant's consent, I deferred issuing a scheduling order until the next status conference to give both parties time to locate their records and to ascertain when plaintiff would be released. (Id.)

        Plaintiff did not appear for the telephone status conference on June 18, 2019. (See Minute Entry, dated June 18, 2019.) I rescheduled the conference for July 17, 2019 and noted that plaintiff's failure to appear could result in this case being dismissed for failure to

prosecute. (Id.) Both parties appeared at the next conference and the discovery deadline was set for December 31, 2019. (See Minute Entry, dated July 17, 2019.)

At the next conference, plaintiff explained that he was delayed in responding to discovery requests because he was in segregation and unable to easily access the correctional facility's library and telephones. (See Minute Entry, dated Jan. 28, 2020.) Plaintiff stated that he expected to be transferred shortly. (Id.) As such, I scheduled the next status conference for May 6, 2020. (Id.)

Defendant's counsel moved to adjourn the May 6, 2020 status conference citing difficulties coordinating the conference call with prison officials. (See Motion to Adjourn Conference, dated Apr. 28, 2020.) I granted defendant's motion and adjourned the status conference to June 25, 2020. (See Order, dated Apr. 29, 2020.)

At the June 25, 2020 status conference, plaintiff reported that he would be released from the Moshannon Valley Correctional Facility on July 16, 2020 and that he intended to return to his residence in Westbury, New York. (See Minute Entry, dated June 25, 2020.) Plaintiff also indicated that he would attempt to obtain counsel upon his release. (Id.) On consent, I adjourned the conference to September 17, 2020. (Id.)

Plaintiff did not appear for the September 17, 2020 status conference; nor did he request an adjournment. (See Minute Entry, dated Sept. 17, 2020.) The correctional facility where plaintiff had been incarcerated confirmed plaintiff's release and suggested that plaintiff may have been deported upon his release. (Id.) I scheduled another status conference for October 27, 2020, advised that plaintiff's failure to appear could result in dismissal of this case, and directed defendant's counsel to send a copy of my order to plaintiff at his designated address. (Id.)

Plaintiff again failed appear for the status conference on October 27, 2020. (See Minute Entry, dated Oct. 27, 2020.) Defendant's counsel reported that he had served a copy of the minute entry from the previous status conference on plaintiff's last known address and that the notice had not been returned by the post office. (Id.)

Plaintiff has apparently abandoned this case. Accordingly, I am constrained to recommend that this case be dismissed for failure to prosecute.

Any objection to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to the Honorable Eric N. Vitaliano, United States District Judge, and to my chambers within fourteen (14) days. Failure to file objections in a timely manner may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       November 18, 2020

3